IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00883-BNB

CASEY BERNARD RODRIGUEZ,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2008

GREGORY C. LANGHAM
CLERK

ORDER DISMISSING CLAIMS IN PART
AND DRAWING CASE

Applicant Casey Bernard Rodriguez is a prisoner in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Mr. Rodriguez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on May 12, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response (Response) limited to addressing the affirmative defense of exhaustion of administrative remedies. On June 2, 2008, Respondent filed a Response. Mr. Rodriguez filed an Objection on June 16, 2008, to the Response. Respondent then filed a Corrected Response (Response II) on June 26, 2008, to which Mr. Rodriguez filed an Objection on July 16, 2008.

The Court must construe liberally the documents filed by Mr. Rodriguez in this action because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at

1110. For the reasons stated below, the action will be drawn to a district judge and to a magistrate judge.

Mr. Rodriguez raises three claims in the Application. In Claim One, he asserts that the conditions of his confinement at ADX are the same as a "Supermax" unit at other facilities. (Application at 3.) He further asserts that his placement in ADX was done without due process, and he will be housed at ADX for at least one year. (Application at 3.) Mr. Rodriguez contends that his disciplinary offense was reviewed by a Unit Disciplinary Committee (UDC), which by BOP regulation is not required to comply with procedural safeguards in disciplinary proceedings. (Application at 3.) In Claim Two, he challenges the validity of a prison disciplinary conviction. (Application at 3.) Mr. Rodriguez was charged with the prison disciplinary offense in Incident Report (IR) No. 1638889 of unauthorized reproduction of any document, article of identification, in order to gain knowledge to benefit himself in criminal activity. (Application at Attach. 2.) Mr. Rodriguez asserts that he was not able to call witnesses or to request a staff representative at his disciplinary hearing. (Application at 3.) He further asserts that no adverse evidence was presented at the hearing or given to him prior to the hearing. (Application at 3.) Following a disciplinary hearing held by the UDC on March 2, 2007, Mr. Rodriguez was found guilty of the offense and was removed from the Step-Down Program and transferred from J Unit to general population, which is located at ADX. (Application at Attach. 2.)

In Claim Three, he contends that the sanction he received from the UDC is too severe and constitutes an atypical and significant hardship. (Application at 4.) He further contends that the UDC is not authorized to order the sanction he has received.

2

(Application at 4.) Mr. Rodriguez seeks expungement of the IR and removal from ADX general population. (Application at 5.)

Respondent asserts that Mr. Rodriguez has not exhausted his administrative remedies on all three of his claims. (Resp. II at 2.) Respondent further asserts that Applicant's first claim challenges his placement at ADX and was addressed in Administrative Remedy Request Nos. 482706 and 477982, neither of which were exhausted prior to Applicant filing the instant action, but one of which was exhausted after he initiated the action. (Resp. II at 2.) Respondent further asserts that with respect to Claim Two Mr. Rodriguez did exhaust his administrative remedies in Administrative Remedy Request No. 467030. (Resp. II at 2.) As for Claim Three, Respondent contends that Applicant abandoned this claim in his appeal to the national level. (Resp. II at 2.)

In his Reply, Applicant asserts that he did not abandon Claim Three and provides a copy of the Central Office Administrative Remedy Appeal that was received by the Central Office on January 17, 2008. (July 16, 2008, Obj. at 2 and Attach.) Applicant further asserts that he filed the instant action prior to exhausting Claim One because he believed that it was futile to exhaust this claim. (July 16, 2008, Obj. at 4.) Applicant concludes that he would dismiss Claim One if he is required do so in order to proceed with the instant action. (July 16, 2008, Obj. at 5.)

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Upon review of the attachments submitted by Respondent, the Court finds that Applicant did not specifically raise Claim Three in his appeal of Remedy Request

3

No. 467030 to the National Inmate Appeals Administrator. Furthermore, to the extent Applicant challenged his placement in ADX in Remedy Request No. 482706 and requested placement at another USP, Respondent is correct that Applicant did not exhaust this claim prior to filing the instant Application.

Nonetheless, the Court finds that Mr. Rodriguez's challenges to the conditions of his confinement in ADX and his request to be transferred to another prison facility more properly are raised in a prisoner complaint filed pursuant to a *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). As for Applicant's claim that his due process rights were violated when BOP staff failed to follow BOP regulations in his UDC hearing, the Tenth Circuit stated in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), that "a failure to adhere to administrative regulations does not equate to a constitutional violation." A review of an applicant's disciplinary proceeding is "limited to whether the three steps mandated by *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996); *e.g., Diaz v. McGuire*, No. 05-3149, 154 Fed. Appx. 81, 84-85 (10th Cir.(Kan.) Nov. 14, 2005) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause) (unpublished op.), *cert. denied*, 546 U.S. 1221 (2006). Therefore, the Court will dismiss Claims One and Three to the extent that they challenge the conditions of Mr. Rodriguez's confinement in ADX and that they challenge a violation of BOP policy.

To the extent, however, in each of the claims Mr. Rodriguez asserts that he was not able to call witnesses, request a staff representative at his disciplinary hearing, or review adverse evidence either during or prior to his hearing, he has exhausted his administrative remedies. Furthermore, to the extent that Mr. Rodriguez asserts that he is entitled to due process in his UDC hearing because he has been placed in solitary confinement in ADX, the Court finds Mr. Rodriguez has exhausted his administrative remedies.

The Court now has completed preliminary consideration of the instant case and has found, based on the evidence provided by both parties, that Applicant has exhausted his administrative remedies with respect to the claims identified above. The Court, therefore, will dismiss the improper claims as identified above and order the remaining claims drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the Application and action shall be drawn to a district judge and to a magistrate judge to address only the exhausted claims as identified above. It is

FURTHER ORDERED that to the extent Claims One and Three challenge the conditions of Mr. Rodriguez's confinement in ADX and a violation of BOP policy the claims are dismissed.

DATED at Denver, Colorado, this 28 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00883-BNB

Casey Bernard Rodriguez
Reg. No. 08561-097
ADX - Florence
PO Box 8500
Florence, CO 81226

Hayley Reynolds
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/28/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk